## Chandler et al. v. Fleming.

*Affidavit of defence—Practice, C. P.—Assignment—Insurance policies.*

In an action by a beneficiary of insurance policies to recover the amount of the proceeds thereof from one who had collected them under an assignment from the beneficiary, an affidavit of defence is insufficient which admits that the money was collected under an assignment for a purpose stated, but fails to aver that it had been applied for such purpose, and does not deny that defendant had deposited it in his own bank account, and does not aver that he was prepared to account for it.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., March T., 1927, No. 17166.

*F. B. Stockley,* for plaintiffs; *H. Kirk,* for defendant.

PER CURIAM, Sept. 3, 1927.—The statement of claim alleges that plaintiffs were the beneficiaries named in two policies of insurance for $1000 each; that defendant obtained their signatures to an assignment of their interests to him by representing it would authorize him to collect the insurance money for them; that he received a check from the insurance association for $2000, drawn to his order as "Attorney-in-fact for Juliet F. Chandler and Catharine E. M. Gause," the plaintiffs; that the money was collected and deposited by him in his own account, and he has refused to pay it to plaintiffs.

Defendant filed an affidavit of defence, in which he admits that he collected the money, and does not deny the averment of the statement of claim that the assignment executed by plaintiffs was for the purpose of enabling him to collect the money. It is averred in the affidavit that, prior to the death of the assured, plaintiffs and defendant agreed that upon the death of the assured the money collected on the policies "should be expended, first, to pay his debts and funeral expenses; secondly, to pay to the Harrison Home any balance of cash remaining because of the moral obligation," the insured having been a relative of the parties and an inmate of the Home for years, and no contribution having been made to recompense the Home.

The assured died on Sept. 13, 1926, and letters of administration were granted upon his estate to defendant.

The affidavit admits that defendant received the check for $2000 from the insurance association, that the check was drawn to his order as attorney-in-fact for plaintiffs, and that instead of depositing it in an "attorney" account or in an administrator's account, he diverted it into his own bank account.

There is no averment in the affidavit that any part of the money has been applied by the defendant in the manner he alleges it was to be used, or that he has prepared an account as administrator.

Defendant collected the money as attorney for plaintiffs, and instead of paying it to them, converted it to his own use. Rule absolute.